IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,194-01






EX PARTE RONALD DALE BARNETT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM FANNIN COUNTY

IN CAUSE NO. 19150

IN THE SIXTH DISTRICT COURT



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offenses of burglary of a habitation and aggravated assault. He was sentenced to
confinement for fifty years on each count. Applicant's conviction was affirmed on appeal.
Barnett v. State, No. 06-00-00107-CR (Tex. App.--Texarkana, delivered August 3, 2001,
no pet.).

 Applicant contends that trial counsel was ineffective for denying Applicant the right
to testify and for not calling alibi witnesses to testify. The trial court has not entered findings
of fact or conclusions of law. We believe that Applicant has alleged facts that, if true, might
entitle him to relief. Therefore, it is this Court's opinion that additional facts need to be
developed and because this Court cannot hear evidence, the trial court is the appropriate
forum. The trial court shall resolve those issues as set out in Tex. Code Crim. Proc. art.
11.07, § 3 (d), in that it may order affidavits, depositions, or interrogatories from trial
counsel, or it may order a hearing. In the appropriate case the trial court may also rely on its
personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court shall then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant expressed a desire to testify at trial and whether counsel denied him
that right. If the trial court finds that counsel denied Applicant the right to testify, the trial
court shall then make findings of fact as to whether counsel was ineffective. The trial court
shall also make findings of fact as to whether the following alibi witnesses were available
to testify and whether counsel called them to testify: Keith Armstrong, Stacie Smith, Jessica
Smith, Joe David Jones, Joseph Tuminski, Greg Deloach, Lin Hall, Dennis Wasson, and
Betty DePriest Comegys. If the trial court finds that counsel did not call them to testify, the
trial court shall make findings of fact as to whether counsel was ineffective. The trial court
shall also make any further findings of fact and conclusions of law it deems relevant and
appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 5th DAY OF APRIL, 2006.

 

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.